Minimum Mandatory ☐
Rule 35/5K1.1 ☒
Appeal Waiver ☒
Asset Forfeiture ☐

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR 218-36 |
| ) | |
| v. ) | |
| ) | |
| ZANABA R. MANET ) | |

### SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL:**

James R. Newton, Esq.

**STATUTES CHARGED:**

**Count One** - 21 U.S.C. § 841(a)(1)
Possession with Intent to Distribute 100 grams or more of Heroin

**Count Two** - 18 U.S.C. § 1952(a)(3)
Interstate Travel

**COUNT PLEADING TO:**

**Count One** - 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Heroin **(lesser included offense)**

**MAXIMUM STATUTORY PENALTY:**

Imprisonment for not more than 20 years;
Not more than a $1,000,000 fine, or both;
At least 3 years supervised release;
$100 special assessment.

**ELEMENTS OF THE OFFENSE:**

**First:** The Defendant knowingly possessed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

**Second:** The Defendant intended to distribute the mixture or substance containing heroin.

**TERMS OF PLEA AGREEMENT:**

- Defendant will plead guilty to the lesser included offense of Count One of the Indictment.

- The government will not object to a recommendation by the U.S. Probation Office that Defendant receive an appropriate reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

- At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

- Defendant agrees to provide full, complete, candid, and truthful cooperation to the government. The government, in its sole discretion, will decide whether that cooperation qualifies as "substantial assistance" that warrants the filing of a motion for downward departure or reduction in sentence.

- Defendant waives her right to appeal on any ground, with only three exceptions: she may appeal her sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs her attorney not to file an appeal unless one of the three exceptions is met.

- Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

- Defendant waives all rights to request information about the investigation and prosecution of her case under the Freedom of Information Act or the Privacy Act.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If she fails to plead guilty, or later withdraws her guilty plea, all statements made by her in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

Minimum Mandatory ☐
Rule 35/5K1.1 ☒
Appeal Waiver ☒
Asset Forfeiture ☐

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 218-36 |
| | ) | |
| v. | ) | |
| | ) | |
| ZANABA R. MANET | ) | |

### PLEA AGREEMENT

Defendant, represented by counsel, and the United States of America, represented by Assistant United States Attorney Karl I. Knoche, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. **Guilty Plea**

Defendant agrees to enter a plea of guilty to the lesser included offense of Count One of the Indictment which charges a violation of 21 U.S.C. § 841(a)(1).

2. **Elements and Factual Basis**

The elements necessary to prove the lesser included offense charged in Count One are:

**First:** The Defendant knowingly possessed a mixture or substance containing heroin, a Schedule I controlled substance;

**Second:** The Defendant intended to distribute the mixture or substance containing heroin.

Defendant agrees that she is, in fact, guilty of this offense. She agrees to the accuracy of the following facts that satisfy each of the offense's required elements: That on or about July 3, 2017, in McIntosh County, within the Southern District of Georgia, the defendant, **ZANABA R. MANET**, aided and abetted by another, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, and that the defendant's guilty plea constitutes proof as to that Count.

3. **Possible Sentence**

Defendant's guilty plea will subject her to the following maximum possible penalty: Imprisonment for not more than 20 years; Not more than a $1,000,000 fine, or both; At least 3 years supervised release; $100 special assessment.

4. **No Promised Sentence**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5. **Court's Use of Guidelines**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. **Agreements Regarding Sentencing Guidelines**

   a. **Acceptance of Responsibility**

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on the defendant's timely notification of her intention to enter a guilty plea.

   b. **Use of Information**

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing

3

Guidelines range. Any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

c. **Dismissal of Other Counts**

At sentencing, the government will move to dismiss any other Count(s) of the Indictment that remain pending against Defendant.

7. **Restitution**

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

8. **Cooperation**

a. **Complete and Truthful Cooperation Required**

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in her Indictment and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

4

This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

### b.  Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

## 9.  Waivers

### a.  Waiver of Appeal

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground.  The only exceptions are that the Defendant may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

b.  **Waiver of Collateral Attack**

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

c.  **FOIA and Privacy Act Waiver**

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.  **Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver**

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. **Required Financial Disclosure**

Not later than 30 days after the entry of her guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form

listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

**11. Possible Immigration Effects**

Pleading guilty may have consequences with respect to immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding. No one, including Defendant's attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless agrees to plead guilty regardless of any immigration consequences, even if the consequence is her removal from the United States.

**12. Defendant's Rights**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 13. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

### 14. Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. **Entire Agreement**

This agreement contains the entire agreement between the government and Defendant.

                                                BOBBY L. CHRISTINE
                                                UNITED STATES ATTORNEY

_____                            _____
Date                                    Brian T. Rafferty
                                          Chief, Criminal Division

03/08/2019                         _____
Date                                    Karl I. Knoche
                                          Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

3/8/19
Date

_____
Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed every part of this agreement with him. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

3/8/19
Date

_____
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 218-36 |
| | ) | |
| v. | ) | |
| | ) | |
| ZANABA R. MANET | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change her plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __8th__ day of __March__, 2019.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA