UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. CR218-36 |
| | ) | |
| ZANABA R. MANET, | ) | |
|     Defendant. | ) | |

**MOTION FOR DOWNWARD DEPARTURE BASED UPON
DEFENDANT'S SUBSTANTIAL ASSISTANCE TO AUTHORTIES**

Defendant, ZANABA R. MANET, moves this Honorable Court for a downward departure based upon her substantial assistance to authorities.

The history, chronology, case law, and legal arguments made in Defendant's MOTION REQUESTING DEFENDANT BE CREDITED WITH A THREE LEVEL ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (Documents 109, 109-1, and 109-2) are also relevant to this motion. Defendant sees no reason to repeat what has already been said and instead incorporates documents 109, 109-1, and 109-2 into this motion by reference.

Undersigned counsel was appointed to represent Defendant on February 15, 2019 and it was apparent from the beginning that Defendant was scared but that she wanted to cooperate with the Government. A jury trial for the Defendant and Co-Defendant had already been set for March 12, 2019. After several discussions with Defendant explaining the process and the benefits of fully cooperating, Defendant

1

agreed to plea and testify against the Co-Defendant. Defendant signed her plea agreement on February 28, 2019 and formally changed her plea on March 8, 2019. After the Rule 11 hearing on March 8, 2019 Defendant met with the Government for the purpose of a proffer. Defendant was truthful and completely candid during the proffer answering all of the Government's questions and agreeing to testify against the Co-Defendant at the jury trial set on March 12, 2019.

Based on Defendant's plea and willingness to testify, the Co-Defendant decided to plea rather than going to trial. Co-Defendant changed his plea on March 8, 2019 and the jury selection and trial were terminated. The Government determined that the assistance provided by Defendant was substantial and told Defendant the Government was going to file a USSG §5K1.1 motion for downward departure based upon her substantial assistance to authorities.

Shortly after the proffer Defendant was accused of violating the conditions of her bond. A bond revocation hearing was held on March 25, 2019. The testimony and evidence presented by the Defendant at the bond revocation hearing on March 25, 2019 had nothing to do with the main case. The only subject matter at issue was whether Defendant had permission to travel outside the Southern District of Florida. The main case was not even discussed at the bond revocation hearing. Furthermore, the evidence presented by Defendant at the bond revocation hearing had nothing to do with Defendant's acceptance of responsibility or substantial assistance.

Unfortunately, during the hearing Defendant lied about having permission to leave the jurisdiction when she traveled to California.

U.S. Probation increased Defendant's offense level by two levels for obstructing the administration of justice under USSG §3C1.1.  The obstructing of justice was based on Defendant's testimony and evidence at her bond revocation hearing on March 25, 2019.  In addition, the Government changed their mind about filing a USSG §5K1.1 motion for downward departure based upon her substantial assistance to authorities because of Defendant's obstructive conduct at the bond revocation hearing even though Defendant clearly provided substantial assistance.

The Government does not dispute the fact that the Defendant provided substantial assistance.  In fact, at the sentencing hearing on June 28, 2019, the Government will tell this Honorable Court that, but for Defendant's obstructive conduct at her bond revocation hearing, a USSG §5K1.1 motion for downward departure would have been filed.

Defendant believes the Government's refusal to file a USSG §5K1.1 motion for downward departure is unfair.  Defendant's substantial assistance made the Government's case against the Co-Defendant stronger, induced the Co-Defendant to plea, saved this Honorable Court the expense of a trial, and allowed the Government to better utilize its resources.

A case must be determined to be an "extraordinary" case to qualify for a three level reduction for acceptance of responsibility under USSG §3E1.1(a) and USSG §3E1.1(b) even though a Defendant received an enhancement under USSG §3C1.1 (obstructing the administration of justice).  And while Defendant believes the instant case is an "extraordinary" case as argued in Document 109, the instant case **does not** have be determined "extraordinary" for a downward departure based upon substantial assistance to authorities.

USSG §5K1.1, comment. (n.2) is very clear on this subject:

> The sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility.  Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition off responsibility for her own conduct.

Defendant understands the Government has no obligation to file a USSG §5K1.1 motion for downward departure.  However, that does not prevent the Defendant from filing this motion for a downward departure based upon her substantial assistance to authorities.  That the Defendant provided substantial

4

assistance is undisputed.  By avoiding the time and expense of a jury trial, both this Honorable Court and the Government benefited from Defendant's substantial assistance.  It is only fair to allow the Defendant to benefit as well.

Respectfully submitted this 24th day of June, 2019.

/s/  James R. Newton
JAMES R. NEWTON
Attorney for Defendant
Georgia Bar No. 541777
155 Wood Crest Circle
Brunswick, GA 31525-6878
912-222-0760
FAX: 912-267-5731
j.r.newton@att.net

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

/s/  James R. Newton
JAMES R. NEWTON
Attorney for Defendant

5