UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 2:18-CR-36-02 |
| | ) | |
| v. | ) | |
| | ) | |
| ZANABA R. MANET | ) | |

**GOVERNMENT'S COMBINED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE [DOC. 110], MOTION REQUESTING CREDIT FOR ACCEPTANCE OF RESPONSIBILITY [DOC. 109], AND MOTION FOR TEN DAY FURLOUGH [DOC. 108]**

Comes now the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and files this combined response in opposition to Defendant Zanaba Manet's motions:

**1.   Motion for Downward Departure [Doc. 110.]**

a.   On March 8, 2019, Defendant Zanaba Manet ("Manet") appeared before the Court and pleaded guilty to Count One of the indictment. [Doc. 89.] Paragraph 8 of her plea agreement contained a 5K provision providing that Manet would provide "full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in her Indictment and any related offenses. [Doc. 90, pg. 5.] "Her benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding." The agreement further provided that "the government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence (emphasis in original.) [Id.]

b.      Following entry of her plea, the Court allowed Manet to remain on bond pending sentencing. However, on March 15, 2019, the USPO filed a petition seeking revocation of Manet's bond for violating a condition that she obtain court approval to travel outside of the Southern District of Georgia and Southern District of Florida. [Doc. 94.] A bond violation hearing was held on March 25, 2019. [Doc. 99.]

c.      At the bond violation hearing, evidence showed that Manet traveled to California during the week of March 11, 2019, ostensibly to resolve traffic tickets, without first obtaining court approval for the travel. [Doc. 102, pg. 1.] Manet offered various excuses for her violation of the travel restriction. The Magistrate Judge found that **none of the excuses were persuasive or credible** (emphasis added). [Id., pg. 4.] In particular, the Court found that testimony concerning a text message purportedly sent to her probation officer in the Southern District of Florida "raised serious concerns about its authenticity and whether the message had actually been sent." [Id., pg. 5.] Further, the Court found that a cell phone Manet brought into court in an attempt to prove she sent a text message to her probation officer, "clearly belonged not to Manet but instead to a family member in the gallery." [Id., pg. 6.] In her motion for credit for acceptance of responsibility, Manet admits she lied to the Court during the bond violation hearing. [Doc. 109-1; Doc. 110, pg. 3.]

d.      The government, in its discretion, declines to file a motion for downward departure. As shown, Manet was not completely truthful as required

under the terms of her plea agreement. The government deems that her value as a witness was severely degraded by her lies to the Court and a judicial finding that testimony she offered under oath was not credible. Under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 183 (1992). In Wade, the Supreme Court limited the free exercise of that power only to the extent that the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive. Id. at 184 (citing race and religion as examples of unconstitutional motive). There is no unconstitutional motive for the government's decision not to file a motion for downward departure and Manet has not alleged one. Under the law of the Eleventh Circuit, judicial review of the government's decision not to file a 5K1.1 motion is appropriate only when unconstitutional motivation has been alleged"). See United States v. Forney, 9 F.3d 1492, 1501 n. 4 (explaining that, under "the [Supreme] Court's clear holding in Wade, judicial review of the government's decision not to file a 5K1.1 motion is appropriate only when unconstitutional motivation has been alleged). Accordingly, even were the Court to disagree with the government's assessment of Ms. Manet's cooperation, "courts are precluded from intruding into prosecutorial discretion" by "evaluat[ing] the assistance rendered by a defendant offering cooperation as a term of his plea agreement unless and until the government makes a ... motion for downward departure based on substantial assistance." Forney, 9 F.3d at 1501.

**2.     Motion for Credit for Acceptance of Responsibility [Doc. 109.]**

a.     Under the Sentencing Guidelines, a defendant may receive a two-level or a three-level reduction in his offense level if he accepts responsibility for his offense(s) in a timely manner. U.S.S.G. § 3E1.1. The district court's determination of acceptance of responsibility is reviewed for clear error." United States v. Dodd, 111 F.3d 867, 870 (11th Cir. 1997). "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999).

b.     This Court's denial of a reduction in Manet's offense level for accepting responsibility for her crimes would not be clear error. As noted above, Manet committed perjury when she testified falsely at her bond violation hearing. "Conduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct", U.S.S.G. § 3E1.1, comment. (n. 4), and "[a]n adjustment under the guidelines for acceptance of responsibility is not warranted when a defendant's conduct results in an enhancement for obstruction of justice." United States v. Kramer, 943 F.2d 1543, 1547 n. 4 (11th Cir. 1991). Here, Manet willfully testified falsely at her bond violation hearing and admits she obstructed justice. She has neither shown nor alleged any extraordinary circumstances which would justify applying an adjustment for acceptance of responsibility. Accordingly, Manet should not be

4

granted a reduction in her adjusted offense level, pursuant to U.S.S.G. § 3E1.1, for acceptance of **responsibility.**

### 3. Motion for Ten-Day Furlough [Doc. 108.]

a. Defendant should not be granted the requested furlough. 18 U.S.C. § 3143 provides:

> **(a) Release or detention pending sentence.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

b. Manet has not presented any evidence that would meet this burden, especially in light of her unauthorized travel following her guilty plea.

WHEREFORE, each of Manet's motion addressed above should be denied.

                                        Respectfully Submitted,

                                        BOBBY L. CHRISTINE
                                        UNITED STATES ATTORNEY

                                        */s/ Karl Knoche*

                                        Karl Knoche
                                        Assistant United States Attorney
                                        Georgia Bar Number 426624

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 27th day of June 2019.

                                        Respectfully submitted,

                                        BOBBY L. CHRISTINE
                                        UNITED STATES ATTORNEY

                                        ***/s/ Karl Knoche***

                                        Karl Knoche
                                        Assistant United States Attorney
                                        Georgia Bar No. 426624

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422