UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA

vs.

ZANABA MANET

CASE NO. CR 218-036

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2020 NOV -4 A 10: 05
CLERK_____
SO. DIST. OF GA.

## MOTION FOR RECONSIDERATION 18 U.S.C. 3742(e) POST-SENTENCING REHABILIATION PROGRAMMING

COMES NOW, Petitioner, ZANABA MANET to request a reduction of sentence pursuant to 18 U.S.C. 3742(e) post sentencing rehabilitation.

The defendant is currently incarcerated at Federal Correctional Institution Tallahassee in Tallahassee, Florida. She has been incarcerated since MARCH 25, 2019 and has an expected release date of OCTOBER 18, 2022. During incarceration, she has received certificates, totaling 500 hours. (Please see attached: DOCUMENTS _____

_____
_____

Pursuant to 18 U.S.C. 3742(e), the defendant could be considered for a reduction of sentence. See Pepper v. United States, Supreme Court, 131 S. Ct. 1229; 179 L Ed 2d 196, 2001 U.S. Lexis 1902, argued December 6, 2010, decided March 2, 2011. The downward variance was based on Pepper's lack of history of violence and post-

1

sentencing rehabilitation. Also see United States v. Booker, Supreme Court 160 L Ed 2d 621, 1255 S. Ct. 736 (2005); Gall v. United States, 552 U.S. 38, 1285 S. Ct. 586, 169 L Ed 2d 445, 2007 Lexis 13083, argued October 2, 2007, decided December 10, 2007. Judge Robert C. Chambers (4th Circuit) granted Terri L. Burns on July 16, 2012 under 18 U.S.C. 3742(e), a 30 month sentence reduction for programming. Burns received 20 certificates while housed at Federal Prison Camp Alderson in Alderson, West Virginia.

A sentencing reduction based on post-conviction rehabilitation can hardly be said to be inconsistent with the policies underlying an award of good-time credit under 18 U.S.C. 3624(b) because the two serve distinctly different interests. An award of good-time credit by the Bureau of Prisons (BOP) does not affect the length of court-imposed sentence; rather, it is an administrative reward to provide an incentive for prisoners to comply with institutional disciplinary regulations. Such credits may be revoked at any time before a prisoner's release. 18 U.S.C. 3624(b)(2).

In constrast, a court's imposition of a reduced sentence based on post-sentencing rehabilitation changes the very terms of imprisonment and recognizes that the defendant's conduct since his initial sentencing warrants less severe criminal punishment. Once imposed, a sentence may be modified only in the limited circumstances. 18 U.S.C. 3582(c). Instead, the difference between the two is reflected most obviously in the fact that the BOP has no authority to award good-time credit where the defendant's good behavior occurs after a sentence has already been served.

Wherefore, defendant humbly asks this Honorable Court to accept

her certificates for programming and grant a reduction of sentence based on the foregoing.

Date **OCTOBER 27, 2020**

Respectfully submitted,

**Zanaba Manet** _____ Pro Se

ID# **17628-104**

Federal Correctional Institution
501 Capital Circle, NE
Tallahassee, FL  32301

3

## Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing:

Upon the following addresses, by placing the same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service to:

And deposited it in the postal box provided for inmates on the grounds of the federal Correctional Institution at Tallahassee, Florida, 32301 on this __27th__ day of __OCTOBER__, 20__20__.

_____
Signature

Register No. __17628104__
FCI Tallahassee
501 Capital Circle NE
Tallahassee, Florida 32301

Litigation is deemed FILED at the time it is delivered to prison authorities. See Houston vs Lack, 487 US 266, 101 L. Ed 2d 245, 108 S.CT. 2379 (1988)

Zanaba Manet 17028104
FCI Tallahassee
P O Box 5000
Tallahassee, FL 32314

INSPECTED
SM

Clerk Of Courts
801 Gloucester Street
Room # 222
Brunswick GA 31520